·JOHN COFFIN ET AL. *v.* ELIZABETH MURPHY AND HUSBAND.

1. CHANCERY. *Appointment of new trustee. Proof. Deposition.* Code 1871, § 1076.

Upon a bill filed against minors seeking the appointment of a new trustee in a deed of trust in the place of one who has died, it is necessary to prove the death of the trustee whose place the court is asked to fill, and, under § 1076 of the Code of 1871, such proof could only be made by deposition.

2. SAME. *Decree appointing new trustee. Absence of deposition. Presumption on appeal.*

This court cannot presume that a deposition establishing the death of the original trustee in such case has been lost, where the record brought here on an appeal from the decree appointing a new trustee contains no deposition.

APPEAL from the Chancery Court of Warren County.

HON. E. HILL, Chancellor.

On the 1st of January, 1873, John Coffin executed a deed of trust upon certain real estate to Michael Slattery as trustee, to secure the payment of a promissory note which the grantor owed Elizabeth Murphy. In September of that year Coffin died, and in July, 1874, Slattery died.

The deed of trust referred to contained no provision for the ap-

pointment of a new trustee, and on the 18th of June, 1875, Elizabeth Murphy and her husband filed a bill against Mary Coffin, the wife of John Coffin, deceased, and his four children, all of whom were minors, for the purpose of having a new trustee appointed by the court to carry out the provisions of the trust-deed. Mary Coffin filed no answer. A *pro confesso* decree was taken against her. A guardian *ad litem* was appointed for the minor defendants, and through him they formally answered the bill.

On the 7th of October, 1875, a final decree was rendered in the following language :

" This cause coming on to be heard on the bill and exhibits thereto, the decree *pro confesso* heretofore rendered against the defendant, Mary Coffin, and the answer of the minor defendants herein by W. H. Nelson, their guardian *ad litem,* and the proofs in the cause, it is ordered, adjudged, and decreed by the court that Michael McMannus be and he is hereby appointed a trustee in the place and instead of said Michael Slattery, deceased, with full power and authority to execute the provisions of said deed of trust mentioned in the bill of complaint in this cause," etc.

In June, 1884, John Coffin, the oldest of the minor defendants to this decree, attained his majority, and on the 7th of March he and the two other living defendants, acting through their guardian, took an appeal from the decree above recited to this court. Mary Coffin and one of the minor defendants had died before the appeal was taken.

The record of the case contains no deposition.

*L. W. Magruder,* for the appellants.

The decree was rendered without any proof being taken. . The recital in the decree is not evidence in a court in chancery of the fact, in other than probate proceedings, that evidence was produced. The evidence is itself a part of the record. *Bell* v. *Gordon,* 55 Miss. 50, and as much so as the decree is.

Such recitals in a decree can have no effect except as to jurisdictional facts, and such facts as are not parts of the record.

An appeal from a decree, on the ground that it is not sustained by the evidence, cannot be defeated by any recital in the decree that

the proof was sufficient or that proof was heard. No presumptions can be indulged that a decree is sustained, because it says for itself that it is rendered upon sufficient evidence. It must be reviewed in the light of the testimony on which it is based. If the evidence contained in the record be insufficient, the case must be reversed. *A fortiori* if the record contains no evidence at all it cannot be presumed that any was offered. 12 Ill. 283; 27 Ill. 148. In this case there is no pretense that the record is incomplete. In all cases against infants strict proof is required. 18 Ill. 49 and 81.

*L. W. Magruder* also argued the case orally.

*Birchett & Gilland,* for the appellees.

The record in this case does not purport to contain the proofs or evidence which were before the chancery court. That there were proofs is made certain by the solemn recitals of the decree that the cause came on to be heard on "the bill and the exhibits, \* \* \* and the *proofs* in the cause."

It would be very inequitable to reverse a decree rendered nearly ten years ago, and under which the possession of real estate had changed, when no one can say what evidence was before the court at the time. Any number of depositions might have become misplaced or taken from the files during so many years. And we are not without precedent and authority upon this point. In *Smith* v. *Pattison,* 45 Miss. 619, which was a case *in equity,* it is said that the only evidence of proof having been taken therein is contained in the recitals of the final decree, and the court in affirming the decree say that "a *primâ facie* case is at least made out which is not impeached by any other portion of the record." See also *Bryant* v. *Rosenbaum; Cannon* v. *Cooper,* 39 Miss. 784; *Duncan* v. *McNeill,* 31 Miss. 704; *Long* v. *Shackleford,* 25 Miss. 559; *Steadman* v. *Holman,* 33 Miss. 550; *Pass* v. *McRea,* 36 Miss. 143.

CAMPBELL, C. J., delivered the opinion of the court.

By § 1076 of the Code of 1871 evidence in the chancery courts was required in all cases to be taken by deposition, except that the mere execution of title papers or exhibits could be proved

orally in open court.  Under this law the deed of trust and note may have been proved orally in open court, and if this was sufficient to maintain the decree we would indulge the presumption that it was done, but a necessary fact to be established was the death of the trustee named in the deed, and that could not be proved except by deposition, and there was none.  We are not at liberty in this appeal from the decree of the court below to indulge the supposition of the loss of a deposition.  If that were shown, the proper course would be to exercise the inherent power of the court to substitute it.  The decree complained of was made without sufficient evidence to uphold it, and it is

*Reversed and cause remanded for further proceedings in the court below.*